PER CURIAM.
 

 On our own motion we withdraw the opinion issued on June 26, 2009, and substitute the following:
 

 Petitioner Gorman J. Roberts filed this habeas corpus petition seeking release from his detention following a decision by the magistrate to deny release on bond. We grant the petition and remand for further proceedings forthwith.
 

 Petitioner Roberts was arrested for aggravated battery with a deadly weapon, criminal mischief and violation of an injunction for protection from domestic violence. Upon arrest, no bond was set. At a first appearance hearing, the presiding judge held him without bond on each count on the grounds that he was a danger to the community. This finding came after the prosecutor told the judge that petitioner had a prior conviction for loitering and for shooting/throwing a deadly missile. The prosecutor also told the court that petitioner’s offenses violated an injunction previously entered. Defense counsel’s objection and argument that the charges were bond-able offenses was overruled summarily by the judge.
 

 The prosecutor did not move for pretrial detention pursuant to Florida Rule of Criminal Procedure 3.132. The magistrate failed to consider whether there were any conditions of release which could reasonably protect the community from risk of physical harm. Florida Rule of Criminal Procedure 3.131(b). In these circumstances, petitioner is entitled to habeas corpus relief.
 
 See, e.g., Rodriguez v. Jenne,
 
 963 So.2d 933 (Fla. 4th DCA 2007).
 
 See also Lee v. State,
 
 956 So.2d 1292 (Fla. 4th DCA 2007).
 

 Respondent has filed a response to this court’s order to show cause agreeing that the case should be remanded for a hearing on the subject of bond.
 

 Accordingly, we grant the petition for writ of habeas corpus and remand to the trial court for further bond proceedings forthwith and in accordance with this opinion.
 

 POLEN, FARMER and MAY, JJ., concur.